```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    ITALIE SESSING,

                        Plaintiff,

            -against-

    GATEWAY CENTER PROPERTIES, LLC
    and RELATED RETAIL CORPORATION,

                        Defendants.
------------------------------------------------------------X
GATEWAY CENTER PROPERTIES, LLC
and RELATED RETAIL CORPORATION,

                Third-Party Plaintiffs,

            -against-

TARGET CORPORATION,

                Third-Party Defendant -
                Defendant.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 3 0 2009 ★
BROOKLYN OFFICE

**MEMORANDUM DECISION
AND ORDER REMANDING
CASE TO STATE COURT**

09 Civ. 2485 (BMC)

**COGAN, District Judge.**

Having reviewed the response of the third party defendant, Target Corporation, to this Court's Order to Show Cause of June 16, 2009, in which the Court suggested that the case had been improperly removed and that sanctions might be appropriate, the Court determines that: (a) this case must be remanded for lack of subject matter jurisdiction; and (b) although the third

party defendant lacked a good faith basis for alleging that diversity exists, sanctions will not be imposed as a matter of discretion.

First, Target is correct that its removal of this action more than one year after it was commenced in state court is a procedural defect. Since none of the other parties to this action have requested remand, although their time to do so has not expired, it would be improper for this Court to order remand *sua sponte* on that basis.

Second, Target is correct that there is one district court case within this Circuit and additional authority in other Circuits holding that third party defendants may remove actions. However, as this Court pointed out in its Order to Show Cause, the overwhelming weight of authority in this Circuit is that third party defendants do not qualify as "defendants" for purposes of removal. This Court subscribes to that view for the reasons stated in Arrow Fin. Servs., LLC v. Massil, No. 08-cv-437, 2009 WL 348553 (E.D.N.Y. Feb. 11, 2009). Nevertheless, the existence of contrary authority outside the Circuit and the absence of a definitive ruling from the Second Circuit constitutes a good faith basis for Target to have taken the contrary position.

Third, Target did not properly allege diversity of citizenship, and continues to lack sufficient information to demonstrate that diversity of citizenship exists here. It is not sufficient to call the attorney for a limited liability company and, upon receiving no response, allege that diversity exists, as Target alleges happened here. The removing party must have a sufficient basis for alleging in the removal notice that facts exist demonstrating diversity *at the time the case is removed*. The case cannot be removed in the hope that discovery will unearth jurisdictional facts when the removing party has no indication at all that such facts exist. Rule 11 requires that factual allegations "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

discovery." Target has no indication, only a mere hope, that the citizenship of the limited liability company may prove diverse after discovery.

Target relies on the fact the limited liability company here, Gateway Center Properties, LLC, has been named as a defendant in three earlier diversity actions in this Court. Significantly, Target does not aver that it knew this information at the time it removed, rather than having uncovered it in response to this Court's Order to Show Cause, so the information has no bearing on its good faith. More importantly, as Target acknowledges, the removing entity in those actions made the same error that Target made here, treating Gateway as a corporation when in fact it is a limited liability company, and no challenge to jurisdiction was ever raised. The fact that jurisdiction was defective in other cases obviously cannot validate defective jurisdiction here.

Target seeks to excuse the improper removal on the ground that the notice of removal "set forth all the information in the possession of this office with respect to" Gateway.[1] This puts the issue precisely backward. If an attorney lacks sufficient information, then he may not remove the action because he has no good faith basis for alleging that diversity exists. Indeed, it is difficult to either sue or remove a case involving a limited partnership or limited liability company in federal court on diversity grounds precisely because most states' laws do not require public disclosure of those entities' ownership interests. The fact that it may be difficult, however, does not mean that Congress intended to liberalize the normal standards for invoking diversity jurisdiction. On the contrary, the Supreme Court has made it clear that it is corporations for which Congress intended to create a special rule that has the effect of facilitating

---

[1] In its response to the Order to Show Cause, Target refers to its filing as a "petition" although the filing itself is designated as a "notice of removal." Congress dispensed with the requirement of a petition in favor of a notice more than twenty years ago. See 102 Stat. 4669, Pub. L. 100-702 (Nov. 19, 1988).

3

the determination of diversity jurisdiction (in some cases), and that rule applies to no other business entities. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990).

Target, in addition to being a third party defendant, had no basis for alleging that its jurisdiction was diverse from that of Gateway and it has none now. The case is therefore remanded to the Supreme Court, Kings County.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
 June 26, 2009